IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD SPENCE,

       Plaintiff,               No. CIV S-03-2442 LKK DAD P

  vs.

M.D. McDONALD, et al.,

       Defendants.       <u>ORDER</u>

_____/

      This case is before the court on motions and requests relating to discovery and service of process.  The pending matters are addressed below in chronological order.

PLAINTIFF'S APRIL 7, 2005 REQUEST FOR COURT ORDER

      Plaintiff seeks an order permitting him to serve written interrogatories on inmate Henderson Royster.  Plaintiff describes the inmate as a percipient witness and states his intention to call this inmate at trial.  Plaintiff asserts that the CDC prohibits inmates from writing or otherwise communicating with each other, "especially if in different institutions."  Plaintiff is confined in High Desert State Prison on D yard.  He indicates that inmate Royster was transferred from D yard to A yard in July 2003.  Plaintiff wishes to serve interrogatories on inmate Royster, wherever he is, through the Clerk of the Court and also wishes to receive the inmate's answers confidentially through the Clerk.

In opposition to plaintiff's request, defendants note that Rule 33 of the Federal Rules of Civil Procedure does not authorize service of interrogatories on any person other than a party.  Citing state regulations, defendants assert that inmates in separate correctional facilities may correspond with each other if prior approval of the warden of each institution is obtained.  Plaintiff responds that he does not wish to correspond with inmate Royster.  He asserts that he wants to obtain a pre-trial statement from the inmate because doing so may avoid the cost of trial.  He argues that his request is ex parte in nature and that defendants' opposition is "out of order" and lacks merit.  Plaintiff contends that defendants are attempting to prevent him from obtaining relevant testimony.

Plaintiff is advised that, except as otherwise provided by rule or order, "[a]n application to the court for an order shall be by motion."  Fed. R. Civ. P. 7(b)(1).  All motions concerning discovery must be briefed by the parties.  (Order filed Apr. 20, 2004, at 3.)  Defendants' opposition to plaintiff's discovery request is not only "in order" but also required.

The Federal Rules of Civil Procedure specify the methods of discovery that may be used in federal civil cases.  Rule 33, titled "Interrogatories to Parties," provides that "any party may serve upon any other party written interrogatories."  Fed. R. Civ. P. 33(a).  Neither this rule nor any other federal discovery rule provides for service of interrogatories on non-parties.

The Federal Rules of Civil Procedure permit a party to take the testimony of any person, whether party or non-party, by deposition upon written questions.  Fed. R. Civ. P. 31(a)(1).  However, such depositions may not be taken without leave of court if the person to be deposed is confined in prison.  Fed. R. Civ. P. 31(a)(2).  "A party desiring to take a deposition upon written questions shall serve them upon every other party," and any party may propose cross-questions.  Fed. R. Civ. P. 31(a)(3) and (4).  Testimony taken pursuant to Rule 31 must be made available to all parties.  Fed. R. Civ. P. 31(b) and (c).  Neither Rule 31 nor any other federal discovery rule permits plaintiff to use formal discovery processes to obtain confidential responses from a witness through the Clerk of the Court.

1    　　　　If plaintiff wishes to obtain a statement from an inmate witness for possible use in

2    support of or in opposition to a motion for summary judgment, he must do so by corresponding

3    with the witness in accordance with the rules applicable to correspondence between prisoners.

4    Plaintiff's request for an order permitting him to serve interrogatories on an inmate witness and

5    to receive confidential answers from the witness will be denied.

6    　　　　DEFENDANTS' APRIL 27, 2005 REQUEST FOR EXTENSION OF TIME

7    　　　　Defendants requested a fourteen-day extension of time to May 11, 2005, to serve

8    responses to plaintiff's first set of interrogatories and first request for production of documents.

9    Good cause appearing, defendants' timely request will be granted nunc pro tunc.

10   　　　　PLAINTIFF'S APRIL 27, 2005 REQUEST FOR EXTENSION OF TIME

11   　　　　On April 27, 2005, plaintiff requested a thirty-day extension of time to file either a

12   motion to compel or the documents required for service of process on defendant J. Kelly.  On

13   May 25, 2005, plaintiff submitted documents for service on defendant Kelly.  Good cause

14   appearing, plaintiff's timely request for extension of time will be granted nunc pro tunc, and the

15   notice of submission of documents filed May 25, 2005, will be deemed timely.  By separate order

16   to be filed after this order has been served, the court will direct the United States Marshal to

17   effect service on defendant Kelly.

18   　　　　PLAINTIFF'S MAY 4, 2005 MOTION TO COMPEL DISCOVERY

19   　　　　In a motion dated April 26, 2005, plaintiff seeks to compel defendants to respond

20   to his first set of interrogatories and first request for production of documents, both of which

21   were served on defendants on March 14, 2005.

22   　　　　Pursuant to the Discovery Order filed in this case on March 7, 2005, defendants'

23   responses were due forty-five days after plaintiff's requests were first served.  The forty-fifth day

24   after March 14, 2005, was April 28, 2005.  Plaintiff's motion to compel was prepared before

25   defendants' responses were due.  Moreover, on April 27, 2005, defendants filed a timely request

26   for an additional fourteen days in which to respond to plaintiff's requests.

1    Although defendants failed to file timely opposition to plaintiff's first motion to

2    compel, the court will not impose sanctions for failure to oppose a motion that should not have

3    been filed.  Plaintiff's first motion to compel will be denied as premature.

4           PLAINTIFF'S MAY 4, 2005 REQUEST TO SERVE EXCESS INTERROGATORIES

5            Plaintiff has requested an order permitting him to propound interrogatories in

6    excess of twenty-five and requiring all defendants to answer the forty interrogatories propounded

7    to each defendant in plaintiff's first set of interrogatories.  Defendants have not filed opposition

8    to plaintiff's request.  Plaintiff subsequently filed a second motion to compel that includes a

9    request for an order compelling all defendants to respond to interrogatories beyond the first

10   twenty-five.

11           The court will grant plaintiff's request to propound interrogatories in excess of

12   twenty-five.  Because plaintiff did not obtain leave to do so prior to serving forty interrogatories

13   on each defendant, the court will not order defendants to respond to Nos. 26 through 40 of

14   plaintiff's first set of interrogatories.  Instead, plaintiff may serve a second set of interrogatories

15   in which he propounds up to fifteen additional interrogatories to each defendant.  The

16   interrogatories in the second set may be those previously propounded as Nos. 26 through 40, or

17   they may be new interrogatories or a combination of both, not to exceed fifteen additional

18   interrogatories to each defendant.

19               PLAINTIFF'S MAY 25, 2005 MOTION TO COMPEL

20           Plaintiff's second motion to compel was served by mail on May 22, 2005.  In

21   accordance with the court's April 20, 2004 order, Local Rule 78-230(m), and the prisoner

22   mailbox rule, defendants were required to file and serve opposition or a statement of non-

23   opposition to plaintiff's motion within eighteen days, plus three days for mailing, after May 22,

24   2005.  Defendants' opposition was filed on June 28, 2005, more than thirty days after plaintiff's

25   motion was filed.  Defendants have not moved for leave to file their opposition out-of-time.  On

26   July 6, 2005, plaintiff filed a timely motion to extend his time to file a reply to defendants'

4

1   untimely opposition.  Plaintiff subsequently filed his reply on July 11, 2005.  Good cause

2   appearing, plaintiff's motion for extension of time will be granted nunc pro tunc, and the reply

3   filed July 11, 2005, will be deemed timely.

4           Plaintiff seeks to compel all defendants to serve further responses to Nos. 18, 23,

5   and 6 of plaintiff's first set of interrogatories.  He seeks to compel defendant Fish to serve

6   responses to interrogatories Nos. 4 through 12.  In addition, plaintiff seeks to compel defendants

7   to serve further responses to Nos. 1 through 10, 12, 13, 16, and 17 of plaintiff's first request for

8   production of documents.  Defendants contend that they served plaintiff with everything relevant

9   to his claim that defendants were deliberately indifferent to his serious medical needs when they

10  did not allow him to use the restroom while he was on the exercise yard.

11  I.    Interrogatories

12        A.    Responses by All Defendants to No. 18

13        Interrogatory No. 18 was propounded as follows:  "When the yard resumed what

14  other officers were in your immediate proximity?  Please state full names, rank and badge no."

15        Defendants Tuter, Templeton, Fish, and Howard responded by stating what they

16  recall about the officers who were in their proximity.  Defendant Harrison stated that he does not

17  recall who was in his immediate proximity.  Defendants' responses provide only the last name

18  and the title "Officer" or "Correctional Officer" for each officer identified.

19        Plaintiff's motion to compel is focused on defendants' failure to provide him with

20  the full name of defendant Kelly, either in response to interrogatory No. 18 or in response to his

21  request for production of documents No. 1.  In opposition to plaintiff's motion to compel,

22  defendants state that defendant Kelly's full name is Justin Kelly.  Defendants note that they

23  produced an incident report that includes defendant Kelly's badge number and identification

24  number.  The USM-285 form submitted by plaintiff for service on defendant Kelly includes the

25  defendant's badge number and identification number.  In the court's order directing the United

26  States Marshal to serve process on defendant Kelly, the court will further identify the defendant

1   as Justin Kelly.  On the basis of the further response included in defendants' opposition, the court

2   will not order additional responses to interrogatory No. 18.

3         B.      <u>Responses by Defendant Fish to Nos. 4 through 12</u>

4          In his motion to compel, plaintiff states that pages 4 and 5 were missing from

5   defendant Fish's response to the first set of interrogatories.  In their opposition to the motion,

6   defendants state that the responses were prepared and the omission of the pages containing them

7   was inadvertent.  Defendants included a complete copy of defendant Fish's response as an

8   attachment to their opposition.  On the basis of the further response included in defendants'

9   opposition, the court will not order defendant Fish to make further responses to interrogatories 4

10   through 12.

11         C.      <u>Responses by All Defendants to No. 23</u>

12          Interrogatory No. 23 was propounded as follows:  "Are you aware of a policy or

13   procedure that forbids an inmate to enter or exit his cell during lockdown showers?  (Attach it)."

14   Each defendant objected to the interrogatory as vague and ambiguous as to the meaning of

15   "policy" or "procedure" and further objected to the extent that the question is a document

16   request.  Without waiving the objections, each defendant answered, "yes."

17          Plaintiff seeks to compel defendants to produce the document alluded to in their

18   responses.  Defendants argue that they responded to plaintiff's question and that interrogatories

19   are not document requests.

20          As drafted, plaintiff's question requires only a yes or no answer, and each

21   defendant answered yes.  An instruction to attach a document is not an interrogatory.

22   Accordingly, the court will not compel defendants to serve further responses to No. 23.

23          In his second set of interrogatories, plaintiff may propound interrogatories to one

24   or more of the defendants asking what the policy or procedure was concerning an inmate's ability

25   to enter or exit his cell during lockdown showers at High Desert State Prison on September 9,

26   2002, and where the policy or procedure can be found, if it was a written policy or procedure.

1   Alternatively, plaintiff may include in his second request for production of documents a request

2   for all documents containing the policy or procedure in effect at High Desert State Prison on

3   September 9, 2002, concerning an inmate's ability to enter or exit his cell during lockdown

4   showers.

5            D.      <u>Responses by All Defendants to No. 6</u>

6           Interrogatory No. 6 was propounded as follows:  "Please set forth any oaths,

7   mission statements or creeds you have taken in relation to your duties, whether by State, Federal,

8   or private agencies.  Be specific, attach a copy if possible."  In response, each defendant made

9   several objections to the interrogatory but recalled being sworn in as a correctional peace officer

10  under the peace officer's oath.

11          Plaintiff complains that none of the defendants set forth the oath and attached a

12  copy.  In opposition to plaintiff's motion, defendants assert that they responded to his question as

13  they understood it and that his request for a copy should be presented in a document request.

14          The phrase "set forth" is ambiguous.  The term could mean "name," "identify," or

15  "describe" all oaths, mission statements, or creeds taken by the defendants.  Each defendant

16  identified the oath taken by him or her as a correctional peace officer.  An instruction to "attach a

17  document if possible" is not an interrogatory, and the court will not compel defendants to serve

18  further responses to No. 6.  Plaintiff may serve a second request for production of documents in

19  which he requests a copy of the peace officer's oath.

20  II.    <u>Request For Production of Documents</u>

21          A.      <u>Request No. 1</u>

22          In No. 1, plaintiff requested documentation verifying the full name, rank, and

23  badge number of each named defendant not dismissed by the court in this action.  Defendants

24  objected that this request is vague and ambiguous as to time but referred to Exhibit A to their

25  response, stating that the exhibit includes "badge numbers, id numbers, length of service and

26  rank of the named Defendants."

1          In his motion to compel, plaintiff characterizes defendants' documentation as

2   evasive, piecemeal, and perjurious.  He asserts that full names have not been provided for any

3   defendant and that defendants Tuter and Howard are not mentioned in the 70-page exhibit cited

4   by defendants.  In opposition to the motion, defendants contend that the document provided was

5   responsive to plaintiff's request but add that defendant J. Kelly is Justin Kelly.

6          Defendants' Exhibit A is not responsive to plaintiff's request.  Plaintiff's request

7   is not ambiguous.  He seeks a document or, if necessary, documents that verify the full name,

8   rank, and badge number of each of the six named defendants who have not been dismissed.  The

9   document provided by defendants does not contain (1) any of the requested information for

10  defendants Tuter and Howard, (2) the full name of any defendant, or (3) the rank of defendants

11  Fish, Templeton, and Kelly, as opposed to their posts.  Defendants have not argued that the

12  requested information cannot be provided.  Accordingly, plaintiff's motion will be granted as to

13  document request No. 1.  Defendants will be required to produce documents that include the full

14  name of each defendant, the rank of defendants Fish, Templeton, and Kelly at the relevant times,

15  and all requested information for defendants Tuter and Howard.

16      B.   <u>Request No. 2</u>

17         In No. 2, plaintiff requested

18        the building logs of each building (one thru four) on D lower yard
          for the month of September 2002; Including but not limited to
19        inmates called to D yard medical, dental, program, classification,
          counselor, mental health, chapel services, work and education.
20

21  Defendants objected to the request on the grounds that it is overly broad and burdensome,

22  irrelevant and not likely to lead to the discovery of admissible evidence, and could include

23  private information about other inmates.  Defendants produced redacted copies of D Facility logs

24  for all four buildings.

25         In his motion to compel, plaintiff describes the response as "selective, partial

26  disclosure."  He disputes the assertion of confidentiality as without merit and observes that

defendants did not seek a protective order.  He argues that the logs he seeks "will demonstrate inmate movement in and out of each building during lockdown showers" and "will show inmates going to visits, counseling sessions, counselor visits, classification, work, canteen, religious services, school, R&R, (receiving and release) and work releases."  Defendants argue that they provided plaintiff with a redacted copy of the facility logs and that if he seeks additional documents, he should clarify his request or propound additional discovery.

Plaintiff requested "building logs" showing inmate movements in and out of buildings one through four on D lower yard during September 2002.  In his motion, plaintiff clarifies that he is seeking logs that will show inmate movement in and out of each building during lockdown showers.  Plaintiff believes the evidence will show that movement was permitted during lockdown for showers.

The logs provided by defendants appear to be building logs.  Although these logs do not show the movement of individual inmates in and out of the buildings, plaintiff has not established that there are building logs in which correctional staff record the movement of individual inmates in and out of the buildings.  For this reason, the court will not order defendants to serve a further response to No. 2.  Plaintiff may request additional logs in a new request for production of documents in which he identifies the logs by name or form number, or clarifies that he seeks records showing the movement of individual inmates in and out of the four buildings on D lower yard during shower lockdowns in September 2002.  For plaintiff's purpose, which is to obtain evidence that inmates regularly enter and exit building during lockdown showers, inmate names are irrelevant and can be redacted from any building logs that record the movements of individual inmates in and out of the buildings.

C.   Request No. 3

In No. 3, plaintiff requested "copies of the lockdown shower program for each building (one thru four), including but not limited to times and amount of showers."  Defendants objected to the request as overly broad, burdensome, and irrelevant, as vague and ambiguous in

1   terms of time as well as in terms of the meaning of "lockdown shower program," as calling for

2   information not relevant or likely to lead to the discovery of admissible evidence, and as calling

3   for confidential information that could jeopardize the safety and security of the institution.

4   Defendants provided no documents in response to Request No. 3.

5          In his motion to compel, plaintiff describes No. 3 as an extension of No. 2 and

6   claims the documents can easily be sanitized.  He argues that the asserted safety and security

7   concerns are without merit because all inmates know the lockdown procedure.  In opposition,

8   defendants cite the redacted facility logs provided in response to Request No. 2 and assert that

9   these logs include the times of lock-down showers on the dates preceding and subsequent to the

10  incident that is the subject matter of this action.  Defendants suggest that, if plaintiff seeks

11  additional documents, he should propound additional discovery.  The court will not order

12  defendants to serve a further response to No. 3 as propounded.  Plaintiff may propound a new

13  request in which he defines the term "lockdown shower program" or explains what information

14  he seeks in addition to the building logs containing the times of lockdown showers.

15         D.    Request No. 4

16         In No. 4, plaintiff requested a copy of the lockdown memo in effect on September

17  9, 2002.  Defendants objected on various grounds and provided no documents.  In his motion to

18  compel, plaintiff objects to the assertion that the memo calls for confidential information, noting

19  that he has copies of 138 lockdown memos in his cell but does not have a copy of the one in

20  effect on September 9, 2002.  In opposition to the motion, defendants reiterate their objections

21  but provide redacted copies of two lockdown memos that would have been in effect for Facility

22  D on September 9, 2002.  As defendants have provided documents responsive to No. 4, the court

23  will not order defendants to serve a further response to this request.

24         E.    Request No. 5

25         In No. 5, plaintiff requested "documentation stating the time, duration, location

26  and cause of the emergency response alarm on September 09, 2002 during morning yard.  The

1   nature of the alarm is also requested."  In response, defendants referred plaintiff to the Crime

2   Incident Report provided as Exhibit A to their responses.

3          In his motion to compel, plaintiff argues that the incident disclosed in the Crime

4   Incident Report was not the incident that caused the yard to go down.  He contends that the

5   incident occurred on another yard at approximately 10:40 a.m.  In opposition, defendants argue

6   that the incident report they provided concerns an incident that occurred at approximately 11:10

7   a.m. and that the 11:10 incident was the one that caused the yard to go down.  Defendants

8   contend that they should not be required to guess what additional documents plaintiff seeks.

9          Plaintiff's request does not specify that he is seeking information about an alarm

10  on a different yard.  Defendants will not be required to serve a further response to the request as

11  propounded.  Plaintiff may propound a new request in which he requests the incident report for

12  an incident that occurred at approximately 10:40 a.m. on September 9, 2002, on another yard.

13         F.     Requests Nos. 6, 7, 10, and 12

14         In Nos. 6, 7, 10, and 12, plaintiff requested documentation of "acts of

15  insubordination or inmate abuse allegations throughout the course of each defendant's

16  employment" (No. 6); documentation of all disciplinary actions that resulted from acts described

17  in response to No. 6 (No. 7); documentation obtained or generated as a result of the incident at

18  issue in this case (No. 10); and inmate appeals alleging misconduct or impropriety by defendants

19  in the course of their employment (No. 12.)

20         Defendants objected to these requests as over broad, burdensome, privileged, and

21  seeking documentation not relevant to the case or likely to lead to the discovery of admissible

22  evidence.  Defendants cited state and federal statutes and the United States Constitution that

23  prohibit disclosure of personnel records, protect privacy rights, and exempt certain information

24  from disclosure.  In response to No. 10, defendants produced the inmate appeal submitted by

25  plaintiff and the first level response to it.  No other documents were produced in response to

26  these four requests.

11

1    In his motion to compel, plaintiff argues that the documents sought by No. 6 are

2  "absolutely necessary to establish 404(b) evidence, character and habit or reputation" and that the

3  documents are relevant and admissible given his prima facie showing of defendants' malicious,

4  wanton, and sadistic intent.  Plaintiff asserts that, as peace officers, defendants are subject to

5  "'Prichess' [sic] review for past incidents of misconduct."  Plaintiff describes No. 7 as an

6  extension of No. 6 and "equally relevant and admissible."  He argues that his own past will be

7  presented to the jury to discredit him and that he should be allowed to do the same to the

8  defendants.  Regarding No. 10, plaintiff claims he is seeking information about himself, not other

9  inmates, and that there is no confidentiality involved.  He questions whether defendants are

10  asserting that plaintiff's own inmate appeal was the only documentation generated as a result of

11  the incident at issue.  Plaintiff states that No. 12 is related to Nos. 6 and 7 and is relevant on the

12  same grounds.

13    In opposition, defendants observe that plaintiff has not addressed defendants'

14  objections or their supporting authority but merely asserts that the information he seeks is

15  relevant and does not concern other inmates.  Defendants argue that past complaints against the

16  defendants will not provide answers to the issues in this case, which are (1) whether plaintiff

17  suffered a sufficiently serious injury when he was not allowed to use the restroom while on the

18  exercise yard and (2) whether defendants knew of and disregarded an excessive risk to plaintiff's

19  health and safety.  Defendants argue that plaintiff's reliance on Rule 404(b) of the Federal Rules

20  of Evidence is misplaced because that rule generally prohibits the use of other wrongful acts

21  against a defendant merely to show that the defendant has a propensity to commit the act in

22  question.  Thus, defendants conclude, any evidence of prior misconduct would not be admissible

23  and would not lead to the discovery of admissible evidence.  Defendants reiterate their objection

24  to plaintiff's requests as overly broad and burdensome, asserting that locating every inmate

25  appeal that includes any allegation or complaint against the defendants would require defendants

26  to search thousands of documents, and the burden of doing so outweighs plaintiff's need for the

1 documents sought.  Defendants cite the qualified privilege applicable to official information and

2 contend that the unlimited search of records requested by plaintiff goes far beyond any potential

3 benefits of disclosure.

4          The court sustains defendants' objections to Requests Nos. 6, 7, and 12 as overly

5 broad and burdensome.  Plaintiff places no limits as to time or subject matter on the requested

6 documentation of acts of insubordination and inmate abuse allegations, the disciplinary actions

7 resulting from such acts and allegations, and any inmate appeals alleging misconduct or

8 impropriety by the defendants during their employment by the CDC.  Mere allegations of abuse,

9 misconduct, or impropriety have no probative value at all, and plaintiff has not demonstrated the

10 relevance of disciplinary actions resulting from acts of insubordination, misconduct, or

11 impropriety unrelated to prison conditions.  The court will not require defendants to serve further

12 responses to Nos. 6, 7, and 12 as propounded.  Plaintiff may propound a new request or requests

13 limited to a reasonable and appropriate period of time and further limited by subject matter to

14 disciplinary actions related to the misconduct alleged in this action.  Any new request must also

15 be limited to documentation that can be located without searching the central files of prisoners.

16 Defendants may renew their objections as to privilege, privacy, and confidentiality, if

17 appropriate.

18          G.     Request No. 8

19          In No. 8, plaintiff requested "documentation stating what each defendants

20 employment insurance bond is, rounded to the nearest dollar."  Defendants objected to the

21 request as vague and ambiguous as to the meaning of "employment insurance bond" but

22 answered that no such documents exist because the California Department of Corrections is self-

23 insured.

24          In his motion to compel, plaintiff argues that every employee must be bonded and

25 he wants to know the amount of said bonds for the defendants.  In opposition to the motion,

26 defendants argue that plaintiff merely disagrees with their answer and fails to assert any authority

1   for his contention that every employee must be bonded.  Defendants reiterate that they are

2   employees of the California Department of Corrections, the department is self-insured, and they

3   cannot produce documents that do not exist.  Plaintiff's mere unsupported disagreement with

4   defendants' response provides no basis for ordering further responses to No. 8.  The court will

5   not require defendants to serve further responses to this request.

6        H.    Requests Nos. 9 and 16

7               In Nos. 9 and 16, plaintiff requested "any and all reports, memos, policy and

8   procedures regarding lockdown showers in California Department of Corrections statewide and

9   specifically High Desert State Prison" and "any and all documentation, memos, policy or

10   procedures in effect on September 9, 2002 that prohibits inmate traffic in the buildings during

11   lockdown showers."

12               Defendants objected to No. 9 as vague and ambiguous regarding the meaning of

13   "reports, memos, policy and procedures," as overly broad and burdensome, as seeking documents

14   from other facilities that would not be available to the defendants in this case, as calling for

15   information not relevant or likely to lead to discovery of admissible evidence, and as calling for

16   confidential information that would jeopardize the safety and security of the institution.

17   Defendants referred plaintiff to a section of the Department of Operations Manual titled

18   "Lockdown Movement," provided to plaintiff as Exhibit C to defendants' response to Plaintiff's

19   First Request for Production of Documents.

20               Defendants objected to No. 16 as overly broad and burdensome, as calling for

21   information not likely to lead to discovery of admissible evidence, and as calling for confidential

22   information that would jeopardize the safety and security of the institution, but referred plaintiff

23   to Exhibit C.

24               In his motion to compel, plaintiff contends that the single document produced by

25   defendants does not address the subject of lockdown showers and does not even contain the word

26   "showers."  He argues that all defendants admitted the existence of a policy regarding lockdown

14

1  showers and committed perjury when they did so if there is no such policy.  In opposition to the

2  motion, defendants argue that their objections to these requests were proper.

3          The court is unable to find Exhibit C among the attachments to defendants'

4  opposition, but plaintiff attached a copy to his motion.  The section of the operations manual

5  titled "Lockdown Movement" provides that "[a]ll movement of inmates during a lockdown shall

6  be coordinated by the Watch Commander" and "shall be restricted to those inmates cleared to

7  perform essential or emergency services."  The manual further provides that inmate movement

8  "shall be under direct staff supervision and/or escort."  These general provisions are followed by

9  specific provisions regarding feeding, medical appointments or care, and daily procedures.

10  Under the heading "Daily Procedures, the manual provides that "daily institution/facility

11  procedures governing movement of staff and inmates during lockdown conditions shall be

12  published and distributed to all affected areas."  This language suggests that the movement of

13  inmates for such routine activities as showers is governed during lockdown conditions by

14  documents issued by the institution or facility during the lockdown.  Such a conclusion is

15  supported by the fact that both of the lockdown memos produced by defendants in further

16  response to Request No. 4 include a provision regarding showers for inmates affected by the

17  lockdown.[1]

18          Plaintiff seeks written policies regarding lockdown showers.  He seeks those

19  policies that have statewide application and those that apply specifically to High Desert State

20  Prison.  The documents produced by defendants demonstrate that there is a statewide policy that

21  governs lockdown movement generally and invests each institution with the discretion to

22  determine and announce specific procedures for daily activities, including showers, on a case-by-

23  case basis when a lockdown is ordered.  Plaintiff has received copies of the statewide policy and

24  the specific lockdown orders that were in effect on September 9, 2002.  Although plaintiff

25  _____

26          [1]  Both memos authorized controlled showers for Southern Hispanic inmates, with those
inmates to be escorted in handcuffs to the showers three times per week.

1    objects that the single documents provided in response to Requests Nos. 9 and 16 is woefully

2    inadequate, the court finds that defendants' Exhibit C and the two lockdown memos provided in

3    further response to Request No. 4 are responsive and are not inconsistent with defendants'

4    responses to plaintiff's interrogatories regarding lockdown shower policy.  The court will not

5    order further responses to Requests Nos. 9 and 16.  Plaintiff may, of course, include follow-up

6    questions concerning lockdown shower policy in his second set of interrogatories.

7         I.    <u>Request No. 13</u>

8         In No. 13, plaintiff requested "copies of maintenance logs or work orders

9    concerning the D yard (one through four) toilet from January 2002 thru January 2005."

10   Defendants asserted various objections but produced copies of all work orders initiated in 2003

11   and 2004 for all toilets in Facility D.  Defendants stated that they were unable to locate work

12   orders for 2002.

13        In his motion to compel, plaintiff disputes defendants' objections and describes

14   defendants' response as incredible because they complain that the request is too broad yet fail to

15   disclose the documents for "the target date."  In opposition to the motion, defendants produce

16   additional documents, stating that these documents were not stored electronically and were

17   therefore overlooked.  A cover page for the additional documents indicates that the attachments

18   are copies of daily work orders completed in 2002 for toilet problems in Facilities D-1 through

19   D-4, as well as weekly work orders dated from August through October 15, 2002.  Plaintiff's

20   motion is moot as to Request No. 13, and defendants will not be ordered to serve further

21   responses.

22        J.    <u>Request No. 17</u>

23        In No. 17, plaintiff requested "building logs, inmate kitchen workers employment

24   time logs, and work schedules demonstrate [sic] what time workers, go to and come back from,

25   work in the dining halls of the D yard (buildings one through four), For September 09, 2002."

26   Defendants objected to the request as over broad, burdensome, irrelevant, and not likely to lead

1  to the discovery of admissible evidence, but referred plaintiff to the redacted building logs

2  produced in response to Request No. 2.

3        In his motion to compel, plaintiff states that his request is necessary to document

4  inmate movement during lockdown showers in each building.  Plaintiff asserts that kitchen

5  workers "return from work at approximately 10: – 10:30 pm[2] daily . . . exactly in the middle of

6  these defendants' lockdown showers on the date in question."  Although plaintiff makes no

7  mention of employment time logs and work schedules, it appears that he seeks an order

8  compelling defendants to produce such documents for all inmates employed in the dining halls

9  on September 9, 2002.  In opposition to the motion, defendants assert that the employment

10  records of other inmates are confidential and those inmates have a right of privacy.  Defendants

11  imply that the redacted building logs are responsive to plaintiff's request.

12        The court has reviewed the building logs produced by defendants and finds that

13  the logs do not reflect the time at which dining hall workers went to and returned from work on

14  September 9, 2002.  At the same time, it is evident from the assertions in plaintiff's motion to

15  compel that he is not seeking to discover any information not already known to him.  Plaintiff

16  may obtain the documentary evidence he seeks by propounding an interrogatory asking one or

17  more defendants what time inmate workers went to and returned from the dining halls of D yard

18  on September 9, 2002 , or by serving a request for admissions in which he asks one or more

19  defendants to admit that inmate workers returned from the dining halls on the date in question at

20  a particular time or within a particular range of time.  Defendants' objections to plaintiff's

21  request for individual inmates' time logs and work schedules as over broad and burdensome are

22  sustained.  The court will not compel defendants to produce individual inmate employment time

23  logs and work schedules.

24  /////

25

26        [2]  Although plaintiff indicates 10:00 to 10:30 p.m., it appears from the building logs that
   showers were taken in the morning rather than the evening.

1    III.  Summary

2            For the reasons set forth above, plaintiff's second motion to compel will be denied

3    except as to Request No. 1 of plaintiff's first request for production of documents.

4            PLAINTIFF'S SEPTEMBER 16, 2005 REQUEST FOR DEPOSITIONS

5            Plaintiff seeks leave to depose three of the defendants at government expense.

6    Citing his indigency and in forma pauperis status, plaintiff asserts that he is unable to afford the

7    cost of depositions.  He contends that he must be allowed to depose defendants Harrison, Fish,

8    and Kelly because of the facts and complexities of the case and because of defendants'

9    evasiveness in discovery.  Plaintiff believes he can complete the three depositions in less than six

10   hours total.  Plaintiff requests a certified court reporter, an officer of the court to administer

11   oaths, a cassette tape recorder, and six hours of recording tape, all at government expense, and

12   further requests that the government pay for preparation of the original transcripts and copies for

13   plaintiff's use.  Plaintiff proposes that the costs be "taxed against the final judgment."

14           In timely opposition, defendants argue that plaintiff's request is improper and that

15   deposition costs are not authorized by statute as a fee or expenditure.  Defendants note that the

16   federal in forma pauperis statute, which permits the court to waive preliminary court fees for

17   indigent defendants, has not been interpreted as permitting a court to authorize depositions at

18   government expense or to exempt a plaintiff from paying witness fees.  Defendants assert that

19   plaintiff has numerous alternative methods of proceeding with this case.

20           In reply, plaintiff objects to defendants' opposition on the ground that his request

21   is ex parte in nature and that defendants were served "simply for notice sake."  Plaintiff argues

22   that his request places no burden, obligation, or responsibility on any defendant and asserts that

23   defendants' counsel does not represent the interests of the government.  Plaintiff contends that he

24   is not requesting waiver of any fee, does not seek exemption from witness fees, has not raised

25   access-to-court issues, and would not be requesting two of the three depositions if the defendants

26   had been more cooperative in the discovery process.  Plaintiff accuses defendants of obstructing

18

1  justice and evading disclosure.  He asserts that the purpose of the proposed depositions "is to

2  provide on record what defendants now withhold."  He claims that taking the depositions "will

3  most likely avoid the need for a trial" and suggests that the court "defer" the cost of the

4  depositions "against final judgement."

5          Plaintiff's request for depositions, like his request for leave to serve written

6  interrogatories on a non-party, is a discovery motion and must be briefed.  Plaintiff is advised

7  that the expenditure of public funds on behalf of an indigent litigant in federal court is proper

8  only when authorized by Congress.  Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989).  The federal in

9  forma pauperis statute, under which plaintiff was permitted to file this case without prepaying the

10 filing fee, does not authorize the expenditure of public funds for deposition costs.  See 28 U.S.C.

11 § 1915.  Plaintiff has not demonstrated that there is any authority for the order he seeks.  Nor has

12 he shown that deposing three defendants is either necessary or likely to avoid the necessity for

13 trial.  Plaintiff's request will be denied.

14          PLAINTIFF'S OCTOBER 27, 2005 REQUEST TO EXTEND DISCOVERY

15          Plaintiff has requested that the court extend the time for discovery.  No deadline

16 has been set for completion of discovery.  Plaintiff's request is unnecessary and will be denied.

17          Accordingly, IT IS HEREBY ORDERED that:

18          1.  Plaintiff's April 7, 2005 request for court order to serve and receive answers to

19 written interrogatories is denied;

20          2.  Defendants' April 27, 2005 request for an extension of time to May 11, 2005,

21 to serve responses to plaintiff's first set of interrogatories and first request for production of

22 documents is granted nunc pro tunc;

23          3.  Plaintiff's April 27, 2005 request for a thirty-day extension of time to file a

24 motion to compel or submit the documents required for service of defendant Kelly is granted,

25 and plaintiff's notice of submission of documents filed May 25, 2005, is deemed timely;

26          4.  Plaintiff's May 4, 2005 motion to compel discovery is denied;

19

1        5.  Plaintiff's May 4, 2005 request for leave to propound interrogatories in excess

2    of twenty-five is granted, and plaintiff may serve a second set of interrogatories in which he

3    propounds up to fifteen additional interrogatories to each defendant;

4        6.  Plaintiff's May 25, 2005 second motion to compel discovery is granted solely

5    as to Request No. 1 of plaintiff's First Request for Production of Documents; within thirty days

6    from the date of this order, defendants shall serve upon plaintiff a document or documents that

7    verify the full name, present rank, and badge number of each named defendant not dismissed

8    from this case;

9        7.  Plaintiff's July 6, 2005 motion to extend his time to file a reply to defendants'

10   opposition to plaintiff's motions to compel discovery is granted, and the reply filed July 11,

11   2005, is deemed timely;

12       8.  Plaintiff's September 16, 2005 request for depositions at government expense

13   is denied; and

14       9.  Plaintiff's October 27, 2005 request to extend time for discovery is denied.

15   DATED: December 13, 2005.

16

17                                      DALE A. DROZD

                                   UNITED STATES MAGISTRATE JUDGE

18   DAD:13

19   spen2442.disc

20

21

22

23

24

25

26

20