IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD SPENCE,

    Plaintiff,                      No. CIV S-03-2442 LKK DAD P

    vs.

M.D. McDONALD, et al.,

    Defendants.              ORDER

_____/

        Plaintiff is a former state prisoner proceeding pro se with this action. By this order the court addresses several pending requests and motions.

## DISCOVERY MATTERS

I. <u>Plaintiff's February 27, 2006 Request</u>

    A. <u>The Parties' Arguments and Evidence</u>

        Plaintiff requests "an order for sanctions and compelling disclosure of plaintiff's second set of interrogatories." Plaintiff asserts that, according to his records, he served a second set of interrogatories on defendants Tuter and Templeton on December 27, 2005, and that he received responses from defendants Tuter and Fish. Plaintiff seeks sanctions for defendant Templeton's alleged failure to serve responses. Plaintiff contends that he should be permitted to serve additional interrogatories on defendant Fish because the interrogatories he served on

1

1  December 27, 2005, were not addressed to defendant Fish.  Plaintiff argues that defendant
2  Tuter's responses to Nos. 1, 2, 4, and 5 are incomplete and evasive and that, if he addressed his
3  interrogatories to defendant Fish instead of defendant Templeton, defendant Fish's responses are
4  also evasive, incomplete and in bad faith.  Exhibit A to plaintiff's request is a copy of defendant
5  Tuter's responses.  Plaintiff has not provided copies of the two requests he served or of defendant
6  Fish's response.

7  Defendants argue that plaintiff's request is completely lacking in merit and
8  brought solely for purposes of harassment.  Defendants state that defendant Templeton was never
9  served with a second set of interrogatories.  Defendants offer copies of plaintiff's second sets of
10  interrogatories directed to defendants Tuter and Fish as well as a discussion of those defendants'
11  responses to Nos. 1, 2, 4, and 5.

12  In reply, plaintiff concedes that he alleged in error that defendant Templeton failed
13  to respond.  Plaintiff withdraws his request for orders as to defendant Templeton but reiterates
14  his contention that the responses served by defendants Tuter and Fish are evasive.  Plaintiff
15  argues that his interrogatories are "flawlessly specific, clear, direct simple and no fact is being
16  assumed," but he attempts to explain the interrogatories at issue and describes the answers he
17  was seeking.  Plaintiff withdraws his request for sanctions but requests that defendants Tuter and
18  Fish be compelled to serve different responses to Nos. 1, 2, 4, and 5.

19  B. Discussion

20  Interrogatories Nos. 1 and 2 are as follows:

21  No. 1: Please state with specificity the names and locations of any
documents, policies, procedures or memorandum in existence and
22  effect on Sept. 09, 02 that prevented you from escorting inmate to
his cell during lockdown showers, at HDSP.
23
No. 2: Please state any reason that prevented you from escorting
24  inmate Spence to his assigned cell on Sept. 09, 2002.

25  (Defs.' Opp'n to Pl.'s Feb. 27, 2006 Request, Ex. A at 1-2 & Ex. B at 1-2.)  Although both
26  defendants objected to these two interrogatories on the grounds that they are over broad, vague,

2

ambiguous, and assume facts, each defendant responded that he has no personal knowledge of the location of any such documents but "understands that it is the practice, so as to ensure the safety and security of the housing unit and the lockdown inmates, that no unescorted and/or unrestrained movement by inmates is allowed in the D-1 building housing unit while lockdown showers are in progress." (Id., Ex. C at 3 & Ex. D at 3.)  Defendant Tuter added that he was not assigned to the building unit where plaintiff was housed. (Id., Ex. C at 3.)  Defendant Fish added that he was not allowed to leave his assigned post as the control booth officer. (Id., Ex. D at 3.)

The undersigned finds that defendants' responses to Nos. 1 and 2 are neither incomplete nor evasive. Both defendants stated that they knew of no documents but knew of a practice, which they described. Both defendants explained why they personally could not escort plaintiff to his cell on the date in question. Plaintiff's request for further or different responses to interrogatories Nos. 1 and 2 will be denied.

Interrogatory No. 4 is as follows:

> No. 4: Since Sept. 09, 02 have you come to know that in your official capacity as correctional officer, you were required to assist inmate Spence in his attempt to use the restroom?

(Id., Ex. A at 2 & Ex. B at 2.)  Both defendants objected to No. 4 on the grounds that it is over broad, vague and ambiguous, unintelligible, argumentative, and assumes facts, but responded that there is a toilet on the yard for use by inmates. (Id., Ex. C at 4 & Ex. D at 4.)  The undersigned sustains defendants' objections that the interrogatory is ambiguous and finds the responses adequate in light of the ambiguity. Plaintiff's request for a further or different response to interrogatory No. 4 will be denied.

Interrogatory No. 5 is as follows:

> No. 5: In your personal and/or professional opinion, does a diarrhetic bowel movement constitute an emergency?

(Id., Ex. A at 2 & Ex. B at 2.)  Each defendant objected to No. 5 on the grounds that the interrogatory is over broad, vague and ambiguous, argumentative, assumes facts, and calls for

3

1  speculation and that he is not in the medical profession and cannot render any such opinion; each
2  defendant further responded that he is unable to respond to No. 5. (Id., Ex. C at 4 & Ex. D at 4.)
3  The undersigned sustains defendants' objections that the interrogatory ambiguous and finds the
4  responses adequate in light of the ambiguity. Plaintiff's request for a further or different
5  response to No. 5 will be denied.
6        Accordingly, plaintiff's February 27, 2006 request will be denied in its entirety.
7  II. <u>Plaintiff's March 27, 2006 Request</u>
8     A. <u>The Parties' Arguments and Evidence</u>
9        Plaintiff seeks sanctions and an order compelling further responses by defendants
10 Tuter, Templeton, Fish, and Howard to plaintiff's second request for admissions, as well as
11 further responses by defendant Kelly to plaintiff's first request for admissions. Plaintiff argues
12 that the responses of defendants Tuter, Templeton, and Howard are selective, evasive,
13 incomplete, or nonexistent as to Nos. 12, 15, 16, 17, and 18, and that the responses of defendants
14 Fish and Kelly are similarly deficient as to Nos. 7 and 15. Plaintiff contends that his requests are
15 clear and direct and that defendants' objections are baseless. Plaintiff argues that all of the
16 requests at issue are proper because they are relevant to his allegations that the defendants acted
17 maliciously and sadistically for the very purpose of causing him harm and that the defendants
18 engaged in conduct that is shocking to the conscience. Plaintiff asks the court to overrule
19 defendants' objections and compel further responses to all seven requests or deem them
20 admitted.
21       In opposition, defendants assert that plaintiff's requests to compel and for
22 sanctions are without basis and should be denied. Defendants argue that their responses were
23 proper and that plaintiff has not presented any persuasive argument for further responses or
24 sanctions.
25       In reply, plaintiff argues that defendants' arguments are without merit.
26 /////

B. Discussion

1. Requests for Admissions by Defendants Tuter, Templeton, and Howard

The responses of defendants Tuter, Templeton, and Howard to four of the five requests at issue are virtually identical. For Requests Nos. 12, 15, 16, and 17, the response of one defendant is set forth below as representative of the responses of all three defendants. For Request No. 18, however, defendant Howard's response is set forth in addition to a response representative of those served by defendants Tuter and Templeton.

a. Request No. 12

No. 12: According to Exibit [sic] B (six pages) all attest to voluntary inline being "conducted concurrently with or simultaneous to conducting lockdown showers."

> Defendant objects to this request on the grounds that it is vague and ambiguous, and assumes facts not admitted, lacks personal knowledge, and calls for speculation. Defendant further objects to the authenticity of the document attached as Plaintiff's "Exhibit B." Without waiving these objections, Defendant responds that he is without personal knowledge to either admit or deny the remainder of this Request and, on this basis, denies the Request.

Defendants' objection to the authenticity of plaintiff's document is overruled in light of the fact that defendants produced the document during discovery. Although plaintiff's request is awkwardly drafted, the undersigned finds that the request is not so vague and ambiguous that defendants cannot admit or deny that all or some of the six pages contained in plaintiff's Exhibit B show that voluntary inline is being conducted concurrently or simultaneously with the conducting of lockdown showers. It does not appear that personal knowledge is required in order to admit or deny whether the documents make the showing asserted by plaintiff. Moreover, defendants have not stated, as required by Rule 36(a), that they made reasonable inquiry and that the information known or readily obtainable was insufficient to enable them to admit or deny the matter stated in No. 12. Defendants Tuter, Templeton, and Howard will each be required to serve a further response to Request No. 12 of plaintiff's second request for admissions.

        b. <u>Requests No. 15 and 16</u>

No. 15: You use some type of wipe (cloth or paper) when having a bowel movement to clean yourself.

    Defendant objects to this request on the grounds that it is argumentative, and is not relevant and not likely to lead to the discovery of admissible evidence in this case. Based on these objections, Defendant will neither admit nor deny this request as it [sic] improper and appears to be asked merely for harassment.

No. 16: It is not unreasonable for a person to request tissue to wipe themselves when about to use the restroom.

    Defendant objects to this request on the grounds that it is vague and ambiguous, assumes facts not admitted, calls for speculation, and is argumentative. Based on these objections, Defendant will neither admit nor deny this request as it is improper and appears to be asked merely for harassment.

In this action, plaintiff alleges that on September 9, 2002, he was suffering from diarrhea and that the defendants acted with deliberate indifference to plaintiff's serious medical needs when they repeatedly refused him permission to enter the building to use the restroom, despite the fact that superior officers had approved plaintiff's requests. Plaintiff alleges that the defendants laughed at him, told him to use the toilet on the yard, and, when he stated that he had no toilet tissue, told him to use his socks. Plaintiff was unable to reach a toilet in time. In light of the subjective component of an Eighth Amendment claim, the undersigned finds that Nos. 15 and 16 are neither improper nor asked merely for harassment. Defendants' objections are overruled, and defendants Tuter, Templeton, and Howard will each be required to serve further responses to Requests Nos. 15 and 16 of plaintiff's second request for admissions.

        c. <u>Requests Nos. 17 and 18</u>

No. 17: It is against the rules of discipline for an inmate of CDC to deface, destroy or dispose of state-issued clothing pursuant to 3032(a) and (b); 3314(a)(3)(A).

    Defendant objects to this request on the grounds that it is vague and ambiguous, is irrelevant and not likely to lead to the discovery of admissible evidence in this case. Without waiving these

1         objections, Defendant admits that there are regulations regarding destruction of state-issued property.

2

3     No. 18: Using a state-issued sock to wipe oneself after a bowel movement is a rule violation.

4

5         Response by defendants Tuter and Templeton: Defendant objects to this request on the grounds that it is vague and ambiguous, calls for speculation, assumes facts not admitted, is irrelevant and not likely to lead

6 to the discovery of admissible evidence in this case, and is argumentative. Without waiving these [sic], Defendant is without personal knowledge to

7 either admit or deny this Request and, on that basis, denies this Request.

8         Response by defendant Howard: Defendant objects to this request on the grounds that it is vague and ambiguous, calls for

9 speculation, assumes facts not admitted, is irrelevant and not likely to lead to the discovery of admissible evidence in this case, and is

10 argumentative. Without waiving these objections, Defendant admits that he believes it could be viewed as violation.

11

12         In light of plaintiff's claim of deliberate indifference and his allegation that the

13 defendants told him to use a sock in lieu of toilet tissue, the undersigned finds that defendants'

14 objections to No. 17 are not justified. Defendants' admission "that there are regulations

15 regarding destruction of state-issued property" does not fairly meet the substance of the requested

16 admission. Defendants Tuter, Templeton, and Howard will each be required to serve a further

17 response to Request No. 17 in which they admit or deny that it is against the rules of discipline

18 for an inmate in the custody of the CDCR to deface, destroy, or dispose of state-issued clothing

19 and that the relevant rules are those cited by plaintiff.

20         Similarly, the undersigned finds that defendants' objections to No. 18 are not

21 justified. Defendant Howard's admission that using a state-issued sock to wipe oneself after a

22 bowel movement could be viewed as a rule violation is a sufficient response. Defendants Tuter

23 and Templeton state that they are without personal knowledge to admit or deny No. 18, but

24 neither defendant states, as required by Rule 36(a), that he made reasonable inquiry and the

25 information known or readily obtainable was insufficient to enable him to admit or deny No. 18.

26 Defendants Tuter and Templeton will each be required to serve a further response to No. 18.

### 2. Requests for Admissions by Defendants Kelly and Fish

No. 7: You told Spence to wipe himself after a bowel movement with his socks on September 09, 2002.

> Defendant objects to this request on the grounds that it is vague and ambiguous, assumes facts not admitted, and is argumentative. Without waiving these objections, Defendant denies.

No. 15: You use tissue when you use the restroom.

> Defendant objects to this request on the grounds that it is argumentative, is irrelevant and not likely to lead to the discovery of admissible evidence. Based on these objections, Defendant will neither admit nor deny this request as it is improper and appears to be asked merely for harassment.

Defendants Kelly and Fish have denied No. 7, and no further response is required. For the reasons set forth supra, the undersigned finds that No. 15 is neither improper nor asked merely for harassment. Defendants' objections are therefore overruled. Defendant Fish will be required to serve a further response to Request No. 15 of plaintiff's second request for admissions, and defendant Kelly will be required to serve a further response to Request No. 15 of plaintiff's first request for admissions.

### 3. Summary

Defendants Tuter, Templeton, and Howard will be required to serve further responses to Requests Nos. 12, 15, 16, and 17 of plaintiff's second request for admissions. Defendants Tuter and Templeton will also be required to serve further responses to Request No. 18 of plaintiff's second request for admissions, and defendant Fish will be required to serve a further response to Request No. 15 of plaintiff's second request for admissions. Defendant Kelly will be required to serve a further response to Request No. 15 of plaintiff's first request for admissions.

Plaintiff's request has been granted only in part. A reasonable apportionment of the reasonable expenses incurred in relation to the motion is for each party to bear his own costs. Plaintiff's request for sanctions lacks merit and will be denied.

III. <u>Plaintiff's May 4, 2006 Request</u>

Plaintiff seeks an order compelling further responses by defendant Kelly to Nos. 4, 5, 14, 15, 16, 17, 20, and 22 of plaintiff's first set of interrogatories and further responses by defendant Harrison to Nos. 5, 6, 8, 9, 11, 13, and 14 of plaintiff's second set of interrogatories. Plaintiff also seeks sanctions for defendants' "systemic, unjustified, bad faith non-disclosure." Plaintiff requests that defendants' "expanded or non responsive responses be stricken."

Defendants assert that plaintiff's motion to compel has no merit and is brought in bad faith. Defendants set forth each interrogatory at issue, along with the defendant's response and a discussion of the response. In reply, plaintiff argues in error that defendants' opposition was filed late and should be stricken.

After reviewing the interrogatories at issue and defendants' responses to them, the undersigned finds that plaintiff's motion is not meritorious as to any of the interrogatories at issue. Plaintiff merely disagrees with defendants' responses. Defendants will not be compelled to serve further responses, and plaintiff's request will be denied in its entirety.

IV. <u>Plaintiff's May 11, 2006 Motion</u>

Plaintiff seeks sanctions and an order compelling further responses by defendants Templeton and Howard to Nos. 1, 7, 8, 9, 10, 11, 12, and 15 of plaintiff's second set of interrogatories. Plaintiff argues that defendants failed to respond to some of the interrogatories "as asked" and gave false and misleading responses to other interrogatories. Plaintiff asserts that clarification is required and that some responses should be stricken in whole or in part.

Defendants Templeton and Howard oppose plaintiff's motion on the grounds that they timely and sufficiently responded to plaintiff's second sets of interrogatories and that plaintiff's motion lacks merit and is brought in bad faith. Defendants state that plaintiff has correctly noted an error in their response to No. 10. Defendants indicate their attention to supplement their responses to No. 10.

In reply, plaintiff reiterates the arguments in his motion.

After reviewing the interrogatories at issue and defendants' responses to them, the undersigned finds that plaintiff's motion is not meritorious as to any interrogatory except No. 10. Defendants will be required to serve amended responses to No. 10, if they have not already done so. Defendants will not be compelled to serve further responses to any other interrogatory, and plaintiff's motion for sanctions will be denied.

## PLAINTIFF'S REQUEST FOR COURT ORDER

On March 13, 2006, plaintiff requested a court order prohibiting the defendants from harassing, threatening, and/or retaliating against him for exercising his state and federal rights. When plaintiff filed his request, he was confined at High Desert State Prison. By notice of change of address filed July 26, 2006, plaintiff informed the court that he is no longer incarcerated.

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to the conditions at issue. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Accordingly, plaintiff's request for court order is moot and will be denied on that ground.

## PLAINTIFF'S REQUESTS FOR STAY AND TO EXTEND TIME

On July 11, 2006, plaintiff filed a notice of change of address with a request for a stay and other orders. The request for a stay was predicated on plaintiff's sudden transfer from state prison to Sacramento County Jail for a new trial. On July 18, 2006, plaintiff filed a second request for a stay or to extend time, and, as noted above, on July 26, 2006, plaintiff filed a notice of change of address to a private address in Sacramento. No deadlines were pending when plaintiff filed his requests to stay or extend time, and the requests will be denied as unnecessary.

Plaintiff's private address has been entered on the court's docket. Plaintiff is advised that the rules applicable to documents mailed by prisoners do not apply to unincarcerated litigants. For litigants who are not incarcerated, a document is filed when it is "delivered into the

custody of the Clerk and accepted by the Clerk for inclusion in the official records of the action." Local Rule 1-101. Plaintiff's subsequent filings must be received by the Clerk for filing on or before any due date set by court order or applicable rules. Plaintiff is cautioned that untimely filings may be disregarded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 27, 2006 request for sanctions and for an order compelling defendants Tuter and Templeton to serve further responses to plaintiff's second set of interrogatories (docketed as #68) is denied;

2. Plaintiff's March 13, 2006 request for court order (docketed as #71) is denied as moot;

3. Plaintiff's March 27, 2006 request for sanctions and an order compelling further responses by defendants Tuter, Templeton, Fish, and Howard to plaintiff's second request for admissions and further responses by defendant Kelly to plaintiff's first request for admissions (docketed as #73) is granted in part;

4. Within thirty days after this order is served, defendants Tuter, Templeton, and Howard shall serve further responses to Nos. 12, 15, 16, and 17 of plaintiff's second request for admissions, defendants Tuter and Templeton shall serve further responses to No. 18 of plaintiff's second request for admissions, defendant Fish shall serve a further response to No. 15 of plaintiff's second request for admissions, and defendant Kelly shall serve a further response to No. 15 of plaintiff's first request for admissions;

5. Plaintiff's May 4, 2006 request to compel further responses by defendant Kelly to plaintiff's first set of interrogatories and further responses by defendant Harrison to plaintiff's second set of interrogatories (docketed as #77) is denied;

6. Plaintiff's May 11, 2006 motion for sanctions and to compel further responses by defendants Templeton and Howard to plaintiff's second set of interrogatories (docketed as #78) is granted in part;

7. Within thirty days after this order is served, defendants Templeton and Howard shall serve amended responses to No. 10 of plaintiff's second set of interrogatories, if such responses have not yet been served;

8. Plaintiff's July 11, 2006 request for stay and other orders (docketed as #83) is denied; and

9. Plaintiff's July 18, 2006 request to extend time or for a stay (docketed as # 84) is denied.

DATED: August 14, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
spen2442.reqs